UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BENJAMIN B. BROCKIE,<br><br>Petitioner,<br>v.<br><br>PAT GLEBE,<br><br>Respondent. | No. C11-5516 BHS/KLS<br><br>ORDER REGARDING MOTIONS FOR COUNSEL, EVIDENTIARY HEARING TO STAY AND ABEY AND FOR EXTENSION |

Before the Court are Petitioner's motions to appoint counsel, to stay and abey, for evidentiary hearing, and to delay submission of a memorandum in support of his federal habeas petition. ECF Nos. 12, 13, 14, and 15. Also for consideration is Respondent's motion for an extension of time to file an answer to the habeas petition. ECF No. 26. After careful review, the Court finds and **ORDERS** as follows:

## BACKGROUND

Mr. Brockie filed his first personal restraint petition, Washington Court of Appeals Cause No. 27879-4-III, in March of 2009. He completed that personal restraint petition round in July of 2010. In August of 2010 he moved to vacate his judgment in the superior court. The court transferred it to the Washington Court of Appeals Cause No. 29756-0-III. In July of 2011, after terminating review, the Court of Appeals transferred his petition to the Washington Supreme Court. Mr. Brockie claims the personal restraint petition contains his seventh habeas claim (incorrect jury instruction). On this basis, he requests that this Court stay and abey his federal habeas petition. He also moved for the appointment of counsel and for an evidentiary hearing,

ORDER TO SHOW CAUSE - 1

but he now concedes that these requests are premature. Therefore, the Court will deny them without prejudice.

Respondent argues that the Court should refuse to stay and abey Mr. Brockie's habeas petition because he failed to show good cause for failing to timely exhaust his seventh claim, as required under *Rhines v. Weber*, 544 U.S. 269, 276-279 (2005). As Respondent noted, Mr. Brockie could have presented the claim in his first personal restraint petition filed in March of 2009 or on the direct appeal yet he chose to wait until August of 2010 to present the claim to the state courts in his second petition. RCW 10.73.140 prohibits such piecemeal litigation by disallowing subsequent petitions unless petitioner shows good cause for not raising the petition earlier. Mr. Brockie is unable to show good cause, having litigated his case for six years prior to deciding to present it, for the first time, to the state courts in 2010. ECF No. 23.

Respondent subsequently reported to this Court that the Washington Supreme Court was set to review Mr. Brockie's petition on November 1, 2011. Respondent therefore requested that this Court order Petitioner to submit his memorandum providing factual support and legal authorities for his federal habeas claims within 15 days of the disposition of his state court petition and to allow Respondent 45 days thereafter to file his answer. ECF No. 26. Shortly thereafter, counsel for Respondent reported to this Court and Mr. Brockie that the Washington Supreme Court deferred its consideration of Mr. Brockie's petition for review pending its adjudication in another case.

In light of the foregoing, it is **ORDERED:**

(1)  Petitioner's motion to appoint counsel (ECF No. 12) and motion for an evidentiary hearing (ECF No. 14) are **DENIED without prejudice**.

(2)  Petitioner's motion to stay and abey (ECF No. 13) is **DENIED**.

ORDER TO SHOW CAUSE  - 2

(3)     Respondent shall provide the Court with a report of the status of Mr. Brockie's petition in Washington Supreme Court Cause No. 86241-9 every **sixty (60) days** and shall notify the Court when the petition has been decided.

(4)     Petitioner's motion to delay submission of his memorandum (ECF NO. 15) is **GRANTED** pending resolution of his petition in Washington Supreme Court Cause No. 86241-9.  **Petitioner shall** submit his memorandum providing factual support and legal authorities for all of his habeas corpus claims **within 15 days** of the disposition of Cause No. 86241-9.

(5)     Respondent's motion for extension of time to file answer (ECF No. 26) is **GRANTED.**  Respondent shall file his answer to the habeas petition and memorandum within **forty-five days after Petitioner files the memorandum** referred to above.  The answer will be treated in accordance with Local Rule CR 7.  Accordingly, upon receipt of the answer the Clerk will note the matter for consideration on the fourth Friday after the answer is filed, Petitioner may file and serve a response not later than on the Monday immediately preceding the Friday appointed for consideration of the matter, and Respondent may file and serve a reply brief not later than the Friday designated for consideration of the matter.

**DATED**  6th  day of December, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER TO SHOW CAUSE  - 3